# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER COTO BATRES,<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, et al.,<br><br>Respondents. | Case No. 1:26-cv-1665-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>(ECF Nos. 1, 11)<br><br>ORDER JOINING WARDEN OF MESA VERDE DETENTION CENTER AS RESPONDENT AND DIRECTING CLERK OF COURT TO ADD WARDEN OF MESA VERDE DETENTION CENTER AS A RESPONDENT |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of El Salvador who has worked as a carpenter and construction worker since his entry in 2006. Petitioner has resided with his family in Los Angeles since arriving in the United States and has no record of any involvement with law enforcement or arrest. (ECF No. 1 at 3, 6.[1]) In January 2026, Petitioner was arrested by U.S. Immigration and

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Customs Enforcement ("ICE") during a roving patrol operation. (ECF No. 1 at 6; ECF No. 10 at 18.) Petitioner is currently detained at the Mesa Verde Detention Center.[2] (ECF No. 1 at 6.)

On March 1, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention on statutory and due process grounds. (ECF No. 1 at 9–10.) On March 23, 2026, Respondents filed an answer and a motion to dismiss. (ECF Nos. 10, 11.) That same day, Petitioner filed an opposition to the motion to dismiss and traverse. (ECF Nos. 12, 13.)

## II.

## DISCUSSION

### A. Motion to Dismiss

Respondents have moved to dismiss this case against all named Respondents because Petitioner "failed to name the only proper respondent to this action, Petitioner's immediate custodian." (ECF No. 11 at 1.) Petitioner argues that "[e]ven assuming Respondents correctly interpret *Rumsfeld v. Padilla*, dismissal is not required. The alleged defect—failure to name the immediate custodian—is procedural and curable." (ECF No. 12 at 3.)

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024). However, failure to name Petitioner's immediate custodian as a Respondent does not warrant dismissal. See Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013) (rejecting government's argument that petitioner's "technical deficiency" in failing to name state official who has custody of him as respondent warranted dismissal). "The Court 'may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a).'" Cinthia Jessica C.Q. v. CoreCivic

---

[2] The petition alleges that "Petitioner is now detained at the Bakersfield Detention Facility." (ECF No. 1 at 6.) A search of the ICE Online Detainee Locator System using Petitioner's A-number reflects that Petitioner is currently detained at the Mesa Verde Detention Center in Bakersfield, California. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Apr. 1, 2026).

Inc., No. 1:25-cv-01900-KES-SKO (HC), 2025 WL 3694459, at n.1 (E.D. Cal. Dec. 19, 2025) (quoting Jones v. Schwarzennegger, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008)). Accordingly, the Court joins the Warden of the Mesa Verde Detention Center as a Respondent to this action and recommends that Respondents' motion to dismiss be denied. See Bozcok v. Albarran, No. 1:26-cv-01725-JLT-HBK, 2026 WL 773135, at *1 n.2 (E.D. Cal. Mar. 19, 2026) ("*Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named her immediate custodian as a Respondent, the Court declines to dismiss all the remaining named Respondents.").

## B. Statutory Framework

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'"[3] Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529. "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination," and the noncitizen "will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 C.F.R. § 236.1(c)(8)).

---

[3] Subsection C, which is not at issue here, "provides for the detention of 'criminal aliens' and states that '[t]he Attorney General shall take into custody any alien who' is deportable or inadmissible based on a qualifying, enumerated offense." Avilez, 69 F.4th at 530 (alteration in original) (quoting 8 U.S.C. § 1226(c)).

"[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(a)(3)). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." Jennings, 583 U.S. at 287. "Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens." Id.

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. Section 1225(b)(1) also applies to certain other aliens designated by the Attorney General in his discretion." Jennings, 583 U.S. at 287 (citations omitted). "Aliens covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). "But if a § 1225(b)(1) alien 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that alien is referred for an asylum interview." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(A)(ii)). "If an immigration officer determines after that interview that the alien has a credible fear of persecution, 'the alien shall be detained for further consideration of the application for asylum.'" Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Thus, "[a]ll applicants for admission who are not processed for expedited removal [pursuant to § 1225(b)(1)] are placed in regular removal proceedings under § 1225(b)(2)(A). That process generally entails a hearing before an immigration judge pursuant to § 1229a." Innovation Law Lab v. McAleenan, 924 F.3d 503, 507 (9th Cir. 2019).

///

4

"Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)) (citing 8 C.F.R. §§ 212.5(b), 235.3 (2017)). "Such parole, however, 'shall not be regarded as an admission of the alien.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)). "Instead, when the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

**C.  Applicability of 8 U.S.C. § 1225(b)**

"Until [2025], the DHS has applied § 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation. This practice was codified by regulation." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *3 (N.D. Cal. Sept. 12, 2025). In its briefing in Salcedo Aceros, "the Government acknowledge[d] that 'until recently,' it considered § 1226(a) to be an available detention authority for noncitizens who might also be subject to § 1225." Id. (citation omitted).

> On July 8, 2025, the Department of Homeland Security (DHS) instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission." [Dkt. No. 5-2 at 45–46, "DHS Guidance Notice" or "DHS Policy"]. The Notice communicated DHS's choice, in coordination with the Department of Justice ("DOJ") to "revisit[ ] its legal position on detention and release authorities," determining that Section 235 of the Immigration and Nationality Act ("INA") would serve as the applicable immigration detention authority rather than Section 236 for all "applicants for admission." [Id.]. In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), "applicants for admission" are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025).

"District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been

lawfully admitted but have been present in the country for years." <u>Valencia Zapata v. Kaiser</u>, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025) (citing <u>Salcedo Aceros</u>, 2025 WL 2637503, at *8 (collecting cases)). "Here in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" <u>Valencia v. Chestnut</u>, 809 F. Supp. 3d 1064, 1067 (E.D. Cal. 2025) (collecting cases).

Respondents concede that they "do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do Respondents find material factual differences between this case and those" cases in which this Court has granted habeas relief. (ECF No. 10 at 1.) Nonetheless, Respondents "argue that the Court should dismiss the habeas petition because Petitioner is an applicant for admission under the INA and is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) due to his ongoing removal proceedings under 8 U.S.C. § 1229" and "Petitioner's claims alleging violations of statute and due process fail on the merits." (<u>Id.</u>)

The Court recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b) based on the reasoning in <u>Carlos v. Chestnut</u>, No. 1:26-cv-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026), which found that "a non-citizen who has resided in this country for an extended period likely falls within the discretionary detention authority under 8 U.S.C. § 1226, rather than the mandatory detention authority under 8 U.S.C. § 1225." <u>Id.</u> at *2 (citing <u>E.L.D.M. v. Becerra</u>, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025)).[4]

**D. Appropriate Relief**

Petitioner requests the Court to "[i]ssue a writ of habeas corpus requiring that Respondents release Petitioner or provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days[.]" (ECF No. 1 at 10.) The Court finds <u>J.A.C.P. v. Wofford</u>, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), instructive:

> Moreover, the government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot

---

[4] In light of this conclusion, the Court declines to address Petitioner's due process claim.

conclude that he is now detained on that basis. "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained ....'" *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* "To put it simply, [petitioner's] detention[ ] [is] improper because there is no evidence in the record that [he was] arrested pursuant to a warrant." *Id.* "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion).

If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

J.A.C.P., 2025 WL 3013328, at *8.

Similarly, here, there is nothing in the record before this Court indicating that a warrant was issued. Additionally, there is nothing in the record before this Court indicating that Petitioner has ever been arrested or charged with a crime, and Respondents do not contend he is a danger to the community or a flight risk. Accordingly, the Court recommends that Petitioner be immediately released.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count I.

2. Respondents' motion to dismiss (ECF No. 11) be DENIED.

3. Respondents be directed to immediately release Petitioner.

4. Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.

///

Further, the Court HEREBY ORDERS that the Warden of Mesa Verde Detention Center is JOINED as a Respondent in this matter and DIRECTS the Clerk of Court to add the Warden of Mesa Verde Detention Center as a Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge