**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER COTO BATRES, | No. 1:26-cv-01665-JLT-SAB (HC) |
| Petitioner, | A-Number: 246-061-066 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING |
| TODD M. LYONS, et al., | |
| Respondents. | |
| | (Docs. 1, 11, 14) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 2, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted on Count 1, Respondents' motion to dismiss be denied, and Respondents be directed to immediately release Petitioner. (Doc. 14.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 8 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).) To date, no objections have been filed, and the time for doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the

1

case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations to be supported by the record and proper analysis in part. The Court concurs with the magistrate judge that Petitioner is entitled to relief on his due process claim. However, the Court departs as to the appropriate relief because Petitioner has not yet been formally evaluated by any immigration authority regarding his flight risk or danger to the community.[1] For this reason, Petitioner's circumstances are materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *See, e.g.*, *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at *1 (E.D. Cal. Mar. 6, 2026). Thus, the Court **ORDERS**:

1. The findings and recommendations issued on April 2, 2026 (Doc. 14) are **ADOPTED IN PART**.

2. The petition for writ of habeas corpus is **GRANTED** on Count 1.

3. Respondent's motion to dismiss (Doc. 11) is **DENIED**.

4. Respondents are **ORDERED** to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

5. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

///

///

///

///

///

---

[1] The Court notes that the record indicates Petitioner has been living in the United States for decades, has no criminal history, and has two daughters who are U.S. Citizens. (*See* Doc. 1 at 6; Doc. 10 at 17-20.) He appears to have been approached by ICE on the date of his arrest solely based upon the nature of his occupation. (Doc. 10 at 18.)

2

6.  The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **April 17, 2026**

UNITED STATES DISTRICT JUDGE